**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

:
PRINCIPIA PARTNERS LLC,                          :
                                                 : Civil Action No. 1:18-cv-7998-AT-DCF
                          Plaintiff,             :
                                                 :
              v.                                 :
                                                 :
SWAP FINANCIAL GROUP, LLC                         :
                                                 :
                          Defendant.             :
_____:

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Dated: December 10, 2018

Klehr Harrison Harvey Branzburg LLP
Matthew J. McDonald
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4287
Email: mmcdonald@klehr.com

*Attorneys for Defendant*

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF RELEVANT FACTUAL ALLEGATIONS .............................................. 2

ARGUMENT ........................................................................................................................... 4

I.      Standard Of Review ....................................................................................................... 4

II.     Counts Two Through Six Should Be Dismissed Because  They Are Duplicative Of
Plaintiff's Contract Claim ............................................................................................. 5

        A.     The Existence Of A Contract Precludes Quasi-Contract Claims And Tort
Claims That Are Grounded In The Same Conduct Unless An Independent
Duty Also Exists ................................................................................................. 5

        B.     Plaintiff Does Not Allege Any Independent Duty Owed By Defendant Or
Make Any Collateral Allegations Supporting Tort Or Quasi-Contract
Claims ................................................................................................................ 7

        C.     Plaintiff's Fraud Claims Are Simply Allegations Defendant Concealed Its
Alleged Failure To Comply With Contractual Duties And Must Be
Dismissed .......................................................................................................... 8

III.    Plaintiff Failed To Properly Allege A Breach Of The DTSA ........................................ 9

        A.     Plaintiff Failed To Allege Defendant Misappropriated Trade Secrets
During The Term Of The Contract ..................................................................... 9

        B.     Plaintiff Failed To Allege Defendant Misappropriated Trade Secrets After
The Term Of The Contract ............................................................................... 11

IV.    Plaintiff Failed To Properly Plead A Claim For Negligent Misrepresentation ................. 12

V.     The Court Should Decline To Exercise Supplemental Jurisdiction .................................. 13

        A.     Standard For Exercising Supplemental Jurisdiction ............................................. 13

B.     If Plaintiff's DTSA Claims Are Dismissed, The Court Should Decline To
       Exercise Supplemental Jurisdiction...................................................................14

VI.    Plaintiff's Claims Are Barred, In Part, By The Applicable Statutes of Limitation...........15

A.     Statutes of Limitation ............................................................................................15

B.     Plaintiff Should Have Discovered Its Claims Sooner ...........................................16

CONCLUSION ..............................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ABS Entm't, Inc. v. CBS Corp.*,
   163 F. Supp. 3d 103 (S.D.N.Y. 2016) ................................................................. 15

*Aozora Bank, Ltd. v. Deutsche Bank Sec., Inc.*,
   29 N.Y.S.3d 10 (1st Dept't 2016)................................................................... 16-17

*Aschcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 4

*Barua v. Barua*,
   No. 14-CV-5107, 2016 WL 3659899 (E.D.N.Y. June 30, 2016)...................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 4

*Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*,
   1 F. Supp. 3d 224 (S.D.N.Y. 2014), *aff'd sub nom. Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69 (2d Cir. 2015) ........................... 12

*Bronx Store Equip. Co. v. Westbury Brooklyn Assocs., L.P.*,
   721 N.Y.S.2d 28 (1st Dep't 2001)...................................................................... 6

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (2010) .......................................................................................... 14

*Champions League, Inc. v. Woodard*,
   224 F. Supp. 3d 317 (S.D.N.Y. 2016) ............................................................... 16

*Cherny v. Emigrant Bank*,
   604 F. Supp. 2d 605 (S.D.N.Y. 2009) ............................................................... 13

*Clark-Fitzpatrick Inc. v. Long Island R. Co.*,
   70 N.Y.2d 382 (1987)...................................................................................... 5, 7

*DePinto v. Ashley Scott, Inc.*,
   635 N.Y.S.2d 215 (1st Dep't 1995)..................................................................... 6

*Directv, LLC v. Wright*,
   No. 15-CV-474, 2016 WL 3181170 (W.D.N.Y. June 3, 2016) .................... 6, 13

*Dormitory Auth. of the State of N.Y. v Samson Constr. Co.*,
   30 N.Y.3d 704 (N.Y. 2018).............................................................................. 6, 8

1

*Fortunato v. Bernstein*,
   No. 12-CIV-1630-AT, 2015 WL 5813376 (S.D.N.Y. Sept. 1, 2015) ................................. 4

*Free Country Ltd v. Drennen*,
   235 F. Supp. 3d 559 (S.D.N.Y. 2016) ............................................................................. 10

*Gen. Sec., Inc. v. Commercial Fire & Sec., Inc.*,
   No. 17-CV-1194, 2018 WL 3118274 (E.D.N.Y. June 25, 2018) ...................................... 10

*Helprin v. Harcourt, Inc.*,
   277 F. Supp. 2d 327 (S.D.N.Y. 2003) .............................................................................. 8

*Klein & Co. Futures v. Bd. of Trade of City of New York*,
   464 F.3d 255 (2d Cir. 2006) .......................................................................................... 13

*LaSalle Bank Nat. Assoc. v. Citicorp Real Estate Inc.*,
   No. 02-CV-7868-HB, 2003 WL 1461483 (S.D.N.Y. Mar. 21, 2003) ......................... 6, 13

*MBW Adver. Network v. Century Bus. Credit Corp.*,
   569 N.Y.S.2d 682 (1st Dept't 1991) ................................................................................ 9

*Medidata Solutions, Inc. v. Veeva Sys, Inc.*,
   No. 17-CIV-589, 2018 WL 6173349 (S.D.N.Y. Nov. 26, 2018) ...................................... 12

*Montefiore Med. Ctr. v. Teamsters Local 272*,
   642 F.3d 321 (2d Cir. 2011) .......................................................................................... 13

*Netologic, Inc. v Goldman Sachs Group, Inc.*,
   110 A.D.3d 433 (1st Dep't 2013) ..................................................................................... 5

*Nostrum Pharm., LLC v. Dixit*,
   No. 13-CV-8718-CM, 2016 WL 5806781 (S.D.N.Y. Sept. 23, 2016) .............................. 6

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley*
   *Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013) .................................................................. 14

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
   No. 05 CIV. 9016, 2010 WL 11586616 (S.D.N.Y. Mar. 23, 2010) ................................. 15

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
   893 F. Supp. 285 (S.D.N.Y.1995) ................................................................................ 8-9

*Rosenblatt v. Christie, Manson & Woods Ltd.*,
   No. 04-CV-4205, 2005 WL 2649027 (S.D.N.Y. Oct. 14, 2005), *aff'd sub nom. Rosenblatt v.*
   *Christie*, 195 F. App'x 11 (2d Cir. 2006) ..................................................................... 8-9

*Sejin Precision Ind. Co., Ltd. v. Citibank, N.A.*,
   No. 16-CIV-6910-JSR, 2017 WL 4350323 (S.D.N.Y. June 26, 2017) ............................ 17

*Sejin Precision Indus. Co. v. Citibank, N.A.*,
   726 F. App'x 27 (2d Cir. 2018) .................................................................................. 16

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group, Inc.*,
   No. 15-CV-211-LGS, 2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016) ............................ 16

*V.E.C. Corp. of Delaware v. Hilliard*,
   896 F. Supp. 2d 253 (S.D.N.Y. 2012) ....................................................................... 15

## STATUTES

18 U.S.C. § 1831 ......................................................................................................... *Passim*

18 U.S.C. § 1836 ............................................................................................................... 9

18 U.S.C. § 1838 ............................................................................................................... 6

18 U.S.C. § 1839 ......................................................................................................... 11, 12

## OTHER AUTHORITIES

CPLR 213 ..................................................................................................................... 15-17

CPLR 214 ......................................................................................................................... 15

Fed. R. Civ. P. 12 ......................................................................................................... 1-2, 4, 5

3

Pursuant to the Court's November 10, 2018 Order, Defendant Swap Financial Group, LLC ("SFG" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss (the "Motion") Plaintiff Principia Partners LLC's ("Principia" or "Plaintiff") Amended Complaint, ECF No. 7, filed on or about September 14, 2018 (the "Complaint") and attached hereto as Ex. A.  Defendant seeks dismissal of all claims except Count 1 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and, if Count 3 is dismissed, dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

As alleged by Plaintiff, "[t]his action arises from SFG's breach of its agreement with Principia. . . ."  Ex. A, ¶ 1.  The Complaint nonetheless improperly seeks to convert an alleged breach of contract into a myriad of quasi-contract claims and torts.  Simply put, when a contract governs the parties' conduct, a plaintiff may only assert non-contract claims if they arise from allegations collateral to the associated breach of contract.  The Complaint is devoid of such collateral allegations.  Instead, Plaintiff's Second, Fourth, Fifth and Sixth "Counts" (together with Count 3,[1] the "Duplicative Claims") each assert tort or quasi-contract claims[2] solely arising from Defendant's alleged breach of its agreement with Principia.  The Duplicative Claims should thus be dismissed.

Plaintiff also propounded as "Count 3", but failed to properly plead, a breach of the Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq. (the "DTSA").  The DTSA requires Plaintiff to allege that Defendant acquired Plaintiff's trade secrets through improper means or

---

[1] Count 3 is addressed in the next paragraph.

[2] The Duplicative Claims are for breach of the duty of good faith and fair dealing (Count 2), misappropriation of trade secrets under New York State common law (Count 4), fraud (Count 5), and  negligent misrepresentation (count 6).

1

disseminated them without consent.   Plaintiff makes no such allegation.   To the contrary, Plaintiff concedes that Defendant contracted for access to the purported trade secrets at issue for the express purpose of disseminating them to Defendant's clients.   Plaintiff's claim is that Defendant thereafter failed to make required contractual payments, not that Defendant's access or dissemination was unauthorized or otherwise improper.   Count 3 for breach of the DTSA is thus fatally flawed and should be dismissed with prejudice.[3]

Defendant further requests that the Complaint is dismissed in its entirety for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).   Plaintiff initially attempted to plead both subject matter and diversity jurisdiction, but omitted the requisite allegations concerning the citizenship of Defendant's members.   *See* ECF No. 1.   After the Court directed Plaintiff to correct its pleading (ECF No. 6), Plaintiff abandoned diversity in favor of asserting subject matter jurisdiction solely arising from the DTSA.   As outlined above and discussed in greater detail below, Plaintiff's DTSA claim is fatally flawed.   The Complaint should thus be dismissed for lack of jurisdiction.

For the foregoing reasons, and as set forth more fully below, Defendant respectfully requests that the Complaint is dismissed in its entirety.

## STATEMENT OF RELEVANT FACTUAL ALLEGATIONS[4]

Plaintiff provides services for the management of structured finance and derivative

---

[3] Count 3 should also be dismissed as duplicative of Plaintiff's breach of contract claim because the DTSA does not preempt or displace state trade secret laws.   The DTSA is thus subject to the same limitations upon the duplication of contract claims as a New York State common law claim for misappropriation of trade secrets.

[4] For the purposes of this Motion only, Defendant accepts all of the allegations pled within the Complaint as true.   For the avoidance of doubt, Defendant does not admit the accuracy of Plaintiff's allegations recited herein, or any other allegations within the Complaint, whether or not characterized as allegations.

portfolios.  *See* Ex. A, ¶ 1.  One of Plaintiff's services is to provide access to the Principia

Analytic System ("PAS").  *See* Ex. A, ¶ 32.  PAS can be used to assist with, among other things,

valuing swaps.[5]  Defendant, one of the nation's leading independent bond and swap advisors,[6]

contracted with Plaintiff for access to PAS on or about March 17, 2004 (the "Contract" or, as

referred to within the Complaint, the "Agreement").  *See* Ex. A, ¶ 34.  The Contract remained in

effect through June 17, 2018 when Plaintiff unilaterally terminated the Agreement.  *See* Ex. A, ¶

87.

     The Contract required, among other things,[7] that Defendant pay Plaintiff two fees: (i) a

minimum quarterly fee, and (ii) a portion of the revenue Defendant generated from reports

created by PAS.  *See* Ex. A, ¶ 36.  After each quarter, Defendant was required to disclose the

amount of its qualifying revenue (the "Quarterly Reports").  *See* Ex. A, ¶ 37.  Plaintiff was

permitted to audit Defendant twice per year during the term of the Agreement to ensure the

accuracy of Defendant's Quarterly Reports, but chose not to exercise its right from 2004 to

February of 2018.  *See* Ex. A, ¶¶ 2-7.

     Plaintiff alleges that Defendant failed to disclose, in whole or in part, certain customers

and associated qualifying revenue on its Quarterly Reports.  *See* Ex. A, ¶¶ 47-49, 59.  Plaintiff

---

[5] Swaps are derivative contracts that are often used to hedge interest rate risk by exchanging two financial instruments.  Specifically, parties agree to exchange interest payments calculated on the same principal amount.  One party typically pays interest at a fixed rate while the other pays at a variable rate.  A party with a variable rate loan can thus effectively convert to a fixed rate loan by entering into a swap in which it receives a variable interest payment equal to its loan payment in exchange for paying a fixed rate of interest to its swap counterparty.  As a practical matter, swaps typically only require the parties to exchange the difference between the two rates of interest.  If the variable rate of interest substantially diverges from the fixed rate, then the swap can accrue substantial value.

[6] http://swapfinancial.com/?page_id=20.

[7] The Complaint lists a series of Defendant's contractual obligations.  *See, e.g.*, Ex. A, ¶¶ 35-41 (each beginning "Under the Agreement. . . .")

purportedly discovered these customers by identifying customers intermittently listed on Defendant's Quarterly Reports, reviewing Defendant's website, and reviewing data Defendant stored within PAS.  *Id.*  Plaintiff's sole identified damage is Defendant's failure to pay fees upon revenue omitted from its Quarterly Reports.  *See* Ex. A, ¶ 66.

In February 2018, for the first time, Plaintiff requested to audit Defendant's Quarterly Reports.  *See* Ex. A, ¶ 7.  Plaintiff omitted from its allegations the scope of  its requested audit— the entirety of the Contract's term.  Plaintiff does not allege that it took any steps to preserve or renew the biannual audits it waived during the preceding fourteen years.  Plaintiff further does not allege any contractual term that allowed it to audit contractual fees barred by the applicable statute of limitations or any damage it suffered by being denied such an audit.

For the reasons set forth in greater detail below, Defendant respectfully requests that the Complaint is dismissed in its entirety.

## ARGUMENT

### I.     Standard Of Review

As this Court has held, "[t]o survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Fortunato v. Bernstein*, No. 12-CIV-1630-AT, 2015 WL 5813376, at *3 (S.D.N.Y. Sept. 1, 2015) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff is not required to provide 'detailed factual allegations' in the complaint, but must assert 'more than labels and conclusions.'  Ultimately, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

For the reasons set forth in greater detail below, Counts 2-6 fail to meet this standard and should therefore be dismissed with prejudice.  Furthermore, if Count 3 is dismissed—the sole

count upon which federal subject matter jurisdiction is based—then all other claims should be

dismissed for lack of subject matter jurisdiction pursuant Fed. R. Civ. P. 12(b)(1).

## II.   Counts Two Through Six Should Be Dismissed Because  They Are Duplicative Of Plaintiff's Contract Claim

### A. The Existence Of A Contract Precludes Quasi-Contract Claims And Tort Claims That Are Grounded In The Same Conduct Unless An Independent Duty Also Exists

As the New York State Court of Appeals explained, quasi-contract claims imply a

contract where none exists and thus may not be maintained when there is a governing contract:

> The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. . . .Briefly stated, a quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved.

*Clark-Fitzpatrick Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388-389 (1987) (citations omitted);

*Netologic, Inc. v Goldman Sachs Group, Inc.*, 110 A.D.3d 433, 433–34 (1st Dep't 2013) (holding

breach of the implied covenant of good faith and fair dealing should be dismissed as duplicative

of contract claims, since both claims arise from the same facts and seek identical damages).

The Court of Appeals has similarly held that a plaintiff may not assert tort claims

duplicative of a contract claim—the plaintiff's sole remedy is for breach of the contract:

> It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract has been violated.  This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.

*Clark-Fitzpatrick*, 70 N.Y.2d at 389 (citations omitted).

> Put another way, where the damages alleged were clearly within the contemplation of the written agreement . . . [m]erely changing a breach of a duty of due care, employing language familiar to tort

> law, does not, without more, transform a simple breach of contract
> into a tort claim.

*Dormitory Auth. of the State of N.Y. v Samson Constr. Co.*, 30 N.Y.3d 704, 711 (N.Y. 2018)

(citing Clark-Fitzpatrick).

New York's prohibition on converting a breach of contract into a tort applies to each such

tort brought by Plaintiff including for misappropriation of trade secrets, fraud and negligent

misrepresentation claims.  *See Nostrum Pharm., LLC v. Dixit*, No. 13-CV-8718-CM, 2016 WL

5806781, at *16 (S.D.N.Y. Sept. 23, 2016) (dismissing New York State common law

misappropriation of trade secrets claim, among others, as duplicative of breach of contract claim

because it arose from the defendants' failure to preserve confidentiality of information as

required by contract); *Bronx Store Equip. Co. v. Westbury Brooklyn Assocs., L.P.*, 721 N.Y.S.2d

28, 29 (1st Dep't 2001) (affirming and dismissing fraud, quasi-contract and tort claims based

upon contract governing the same subject matter); *DePinto v. Ashley Scott, Inc.*, 635 N.Y.S.2d

215, 216 (1st Dep't 1995) (affirming and dismissing fraud, quasi-contract and tort claims based

upon contract governing the same subject matter); *Directv, LLC v. Wright*, No. 15-CV-474, 2016

WL 3181170, at *9 (W.D.N.Y. June 3, 2016) (applying prohibition on duplicative claims to

negligent misrepresentation claim); *LaSalle Bank Nat. Assoc. v. Citicorp Real Estate Inc.*, No.

02-CV-7868 (HB), 2003 WL 1461483, at *3-5 (S.D.N.Y. Mar. 21, 2003) (dismissing negligent

misrepresentation claim as duplicative of a breach of contract claim).

Further, the DTSA does not preempt or displace state laws protecting trade secrets.  *See*

18 U.S.C. § 1838.  Count 3 is  thus subject to the same independent duty requirement as a New

York State common law claim for misappropriation.

Accordingly, it is black letter law that, in the absence of an independent duty of care from

which damages flow that were not within the contemplation of the parties at the time they

entered into the Contract, Counts 2 through 6 must be dismissed.  Plaintiff is simply not entitled to expand this litigation by calling an alleged breach of contract by other names.

### B.  Plaintiff Does Not Allege Any Independent Duty Owed By Defendant Or Make Any Collateral Allegations Supporting Tort Or Quasi-Contract Claims

At the outset of the Complaint, Plaintiff admits that "this action arises from SFG's [alleged] breach of its agreement with Principia. . . ."  *See* Ex. A, ¶ 1.  Plaintiff does not allege that Defendant owed any duty independent of its contractual commitments.  *See* Ex. A.  Instead, Plaintiff's claims share the same alleged factual predicate: Defendant entered into a contract to use the PAS, agreed to disclose its usage and pay a portion of the fees derived therefrom, failed to fully disclose those fees, and thus underpaid Plaintiff.  *See* Ex. A, ¶¶ 34-38, 47-49, 66, 94-97, 113-117, 129, 142, 164, 177).  The same elements thus comprise both Plaintiff's contract claim and its tort and quasi-contract claims.  The Duplicative Claims should therefore be dismissed. *See Clark-Fitzpatrick*, 70 N.Y.2d at 389 (citations omitted).

Plaintiff will likely argue that the Quarterly Reports were inaccurate—this is inapposite. The Quarterly Reports were a contractual requirement.  *See* Ex. A, ¶ 37 ("Under the Agreement, SFG was required to provide certified, written reports on qualifying revenue to Principia within seven days after the end of each quarter.")  It was thus a breach of the Contract for the Quarterly Reports to be inaccurate.  *See* Ex. A, ¶ 97 (Every Quarterly Report…was a separate breach of the contract.")  There is simply no duty extraneous to the Contract at issue.  Dismissal of Plaintiff's tort and quasi-contract claims is thus required.  *Clark-Fitzpatrick*, 70 N.Y.2d at 389.

Put another way, the tort and quasi-contract damages alleged were clearly within the contemplation of the Contract.  In fact, Plaintiff seeks to recover the fees allegedly due pursuant to the Contract as tort and quasi-contract damages.  *See* Ex. A, Counts 2 (¶ 118), 4 (¶ 129), 5 (¶ 142) and 6 (¶ 164).  Plaintiff cannot transform a breach of contract claim into torts simply by

employing language familiar to tort law.   *See Dormitory Auth. of the State of N.Y.* 30 N.Y.3d at

711.

Accordingly, for the foregoing reasons, Plaintiff's Second through Sixth Causes of

Action should be dismissed with prejudice and without leave to amend because Defendants did

not owe any duty to Plaintiff independent from the Contract.

### C. Plaintiff's Fraud Claims Are Simply Allegations Defendant Concealed Its Alleged Failure To Comply With Contractual Duties And Must Be Dismissed

It is well established in New York that a plaintiff cannot maintain a fraud claim premised

upon the defendant's concealment of a breach of contract:

> the only alleged fraud is [defendant's] concealment of the 1992-96 sales to avoid paying plaintiff the commissions he was allegedly due. "Under New York law ... alleged concealment of a breach is insufficient to transform what would normally be a breach of contract action into one for fraud."

*Rosenblatt v. Christie, Manson & Woods Ltd.*, No. 04-CV-4205, 2005 WL 2649027, at *10

(S.D.N.Y. Oct. 14, 2005), *aff'd sub nom. Rosenblatt v. Christie*, 195 F. App'x 11 (2d Cir. 2006)

*quoting Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 289

(S.D.N.Y.1995).  "Where the fraudulent conduct alleged amounts only to the defendant's false

representation that it was adhering to the terms of the contract, the claim for fraud must be

dismissed as redundant of the breach of contract claim."  *Helprin v. Harcourt, Inc.*, 277 F. Supp.

2d 327, 336 (S.D.N.Y. 2003) (quotations omitted).

This case is remarkably similar to the facts of *Reuben* in which a fraud counterclaim was

dismissed as duplicative of a breach of contract.  In *Reuben*, the plaintiff was required to pay the

defendant a flat fee and a portion of revenue derived from defendant's intellectual property—

precisely the Parties' Contract.  Although the plaintiff fraudulently concealed the amount of its

revenue to reduce the defendants' royalty, the defendants could not maintain a fraud claim:

defendants allege only that plaintiff's fraudulent scheme consisted of concealing its use of the Markolor process from Mark I–A to avoid paying royalties under the Agreement, conduct also constituting a breach of contract. . . .[8]

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Under New York law, however, alleged concealment of a breach is insufficient to transform what would normally be a breach of contract action into one for fraud.

*Reuben H. Donnelley Corp.*, 893 F. Supp. at 289, 290 (citing *MBW Advertising Network v. Century Business Credit Corp.*, 569 N.Y.S.2d 682, 682 (1st Dep't 1991)).

Plaintiff's fraud claim falls squarely within the foregoing prohibition. The alleged misrepresentations were contractually required statements. Further, they were nothing more than efforts to conceal Defendant's purported failure to pay the full amount of the revenue owed to Plaintiff—precisely the fact pattern in *Reuben* and *Rosenblatt*. Accordingly, Plaintiff's fraud claim should be dismissed with prejudice and without leave to amend.

### III.   Plaintiff Failed To Properly Allege A Breach Of The DTSA

#### A.   Plaintiff Failed To Allege Defendant Misappropriated Trade Secrets During The Term Of The Contract

"An owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836.  In order to allege that a trade secret has been misappropriated, a plaintiff must allege:

an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise

---

[8] It is unclear from the opinion whether the court is providing this factual summary, or excerpting it from plaintiff's argument.  Regardless, it appears the court adopts this fact pattern for the purposes of its legal analysis.

to a duty to maintain the secrecy of the trade secret, or derived
from or through a person who owed such a duty.

*Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016); *Gen. Sec., Inc. v. Commercial Fire & Sec., Inc.*, No. 17-CV-1194, 2018 WL 3118274, at *3 (E.D.N.Y. June 25, 2018).  The Complaint fails to allege either of the DTSA's misappropriation elements.

First, Plaintiff does not allege that Defendant acquired Plaintiff's purported trade secrets through improper means.  To the contrary, Plaintiff alleged that Defendant accessed PAS pursuant to the Contract.  *See* Ex. A, ¶¶ 34, 35, 44, 93, 112, 168.[9]  Accordingly, Plaintiff's DTSA claim is fatally flawed and must be dismissed.

Second, Plaintiff does not allege that Defendant disclosed or used its trade secrets without Plaintiff's consent.  Plaintiff solely alleges that Defendant disseminated Plaintiff's trade secrets to Defendant's clients.  *See, e.g.*, Ex. A, ¶¶ 50-52.  Plaintiff alleges that such dissemination was subject to the Contract (Ex. A, ¶¶ 47-49), that Defendant was required to disclose the dissemination pursuant to the Contract but failed to do so (Ex. A, ¶¶ 47-49, 57-59), and that Defendant owed fees pursuant to the Contract as a result (Ex. A, ¶ 66).  Plaintiff thus admits that Defendant acted with Plaintiff's consent and pursuant to the Contract.  Accordingly, Plaintiff's DTSA claim is fatally flawed and must be dismissed.

We expect that Plaintiff will attempt to salvage its DTSA claim by arguing that Defendant's alleged breaches of the Contract render Defendant's use of Plaintiff's trade secrets unauthorized.  *See* Ex. A, ¶124.  This argument is wholly without merit.  It is undisputed that at the time Defendant accessed Plaintiff's alleged trade secrets and disseminated them it was authorized to do so by the Contract.  In fact, these allegations form the basis of Plaintiff's breach

[9] For the avoidance of doubt, Principia also does not allege that SFG knew or had reason to believe that Principia's trade secrets had been acquired through improper means.  Principia cannot make such an allegation because SFG acquired the alleged trade secrets from Principia.

of contract claim.  *See* Ex. A, ¶¶ 91-97.  Defendant's alleged failure to later pay the appropriate fees does not render its earlier access unauthorized or its dissemination unconsented.  Plaintiff cannot go back in time to withdraw its authorization for Defendant to access the PAS or its consent for Defendant to disseminate PAS reports so that Plaintiff and manufacture a statutory violation.  Plaintiff's sole remedy is a breach of contract claim.

Plaintiff also may argue—incorrectly—that Defendant's alleged misrepresentations of its revenue gave rise to a claim under the DTSA.  *See* 18 U.S.C. 1839(5)(B) (misappropriation includes acquisition through improper means); 18 U.S.C. 1839(6)(A) ("improper means" includes acquisition by misrepresentation).  Plaintiff does not allege, however, that it gave Defendant access to its trade secrets based upon Defendant's alleged misrepresentations.  In fact, such an allegation would plainly be false.  Defendant did not begin making representations concerning the amount of revenue derived from Plaintiff's purported trade secrets until after receiving access to them.  Indeed, it is self evident that before Defendant received access there was no revenue to report nor any obligation for Defendant to make a report.  Plaintiff thus failed to allege that Defendant acquired access to Plaintiff's purported trade secrets through improper means. *See* 18 U.S.C. 1839(5)(B).

The Third Cause of Action should therefore be dismissed, in part, with prejudice and without leave to amend, because Plaintiff failed to allege that Defendant misappropriated Plaintiff's trade secrets in violation of the DTSA during the term of the Contract.

### B.      Plaintiff Failed To Allege Defendant Misappropriated Trade Secrets After The Term Of The Contract

Trade secrets protected by the DTSA include "all forms and types of financial, business, scientific, technical, economic, or engineering information" where "the owner thereof has taken reasonable measures to keep such information secret" and "the information derives independent

economic value ... from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3). "Although the Second Circuit has not expressly articulated a specificity requirement, district courts in [the Second] circuit routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated." *Medidata Solutions, Inc. v. Veeva Sys, Inc.*, No. 17-CIV-589, 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018) (citations omitted); *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 258 (S.D.N.Y. 2014) (collecting cases in which the plaintiff was required to plead misappropriation of trade secrets with requisite specificity), *aff'd sub nom. Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69 (2d Cir. 2015).

Plaintiff makes the conclusory allegations that Defendant "has not returned any documents to Principia" (Ex. A, ¶ 89) and kept "Principia Proprietary Information without authorization after termination of the contract" (Ex. A, ¶ 125). Defendant does not, however, allege the documents Plaintiff should have returned, the trade secrets Defendant allegedly retained or how Plaintiff was harmed by Defendant's actions. Plaintiff also does not allege that Defendant accessed the PAS—where Plaintiff's purported trade secrets were stored—after Plaintiff terminated the Contract. *See* Ex. A.[10]

Accordingly, Plaintiff failed to adequately plead that Defendant retained trade secrets following the termination of the Contract. Count 3 should thus be dismissed in its entirety.

## IV.   Plaintiff Failed To Properly Plead A Claim For Negligent Misrepresentation

A negligent misrepresentation claim requires a special relationship between the parties.

---

[10] After receiving the Complaint, Defendant provided Plaintiff with a certification that it deleted or destroyed all of Defendant's proprietary information within its possession, custody or control.

*See Directv, LLC*, 2016 WL 3181170, at *9; *LaSalle Bank Nat. Assoc.*, 2003 WL 1461483, at *3. Principia and SFG are not affiliated in anyway.   The parties only alleged relationship is the Contract.   Count 6 is thus fatally flawed.

Moreover, Principia failed to allege that it suffered any personal or property damage and thus New York's economic loss doctrine limits Principia to a breach of contract claim, whether or not such a claim is viable.   *Id.*; *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009).

Accordingly, for the foregoing reasons, Count 6 should be dismissed with prejudice and without leave to amend.

## V.   The Court Should Decline To Exercise Supplemental Jurisdiction

### A.   Standard For Exercising Supplemental Jurisdiction

Counts 1, 2 and 4-6 are state law claims that are before this Court on supplemental jurisdiction.   "In order to exercise supplemental jurisdiction, a federal court must first have before it a claim sufficient to confer subject matter jurisdiction. Furthermore, the federal claim and state claim must stem from the same common nucleus of operative fact; in other words, they must be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (citations and quotations omitted).   A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." *Barua v. Barua*, No. 14-CV-5107, 2016 WL 3659899, at *3 (E.D.N.Y. June 30, 2016) *citing* 28 U.S.C. § 1367(c)(3).

"In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity. . . ." *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) *citing*

13

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (2010).   "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (citations and quotations omitted).

### B.   If Plaintiff's DTSA Claims Are Dismissed, The Court Should Decline To Exercise Supplemental Jurisdiction

If Plaintiff's DTSA claim (Count 3) is dismissed in its entirety, then this Court is deprived of federal subject matter jurisdiction and should decline to exercise supplemental jurisdiction over Counts 1, 2 and 4-6, to the extent they are not otherwise dismissed.   This case is in its infancy—no discovery has taken place nor any Answer been filed.  There are no factors present that would move this case outside of the "usual case" in which the Supreme Court's test for continuing to exercise supplemental jurisdiction dictates dismissal.

Even if only Plaintiff's DTSA claims during the pendency of the Contract are dismissed (as set forth in Section III.A above), then this Court is deprived of supplemental jurisdiction over Counts 1, 2 and 4-6.  These claims simply do not share a common nucleus of operative facts with Plaintiff's post-Contract DTSA claim.  Whether Defendant (a) retained Plaintiff's trade secrets after Plaintiff terminated the Contract and (b) whether such retention violated the DTSA, is a wholly separate factual and legal inquiry from whether (c) during the term of the Contract, Defendant breached the Contract by failing to fully disclose revenue generated from PAS reports and pay associated fees.

Accordingly, for the foregoing reasons, Defendant respectfully requests that if Count 3 is dismissed, either in whole or in such part as arises during the term of the Contract, that the Court

decline to retain supplemental jurisdiction over Counts 1, 2 and 4-6.

**VI.    Plaintiff's Claims Are Barred, In Part, By The Applicable Statutes of Limitation**

Plaintiff asserts claims that date to 2004.  *See, e.g.*, Ex. A, ¶¶ 95, 113, 148, 173.  As set forth in greater detail below, Plaintiff's claims should be dismissed to the extent they arise prior to the applicable statutes of limitation.

**A.  Statutes of Limitation**

Plaintiff's claims pursuant to the DTSA (Count 3), for misappropriation of trade secrets pursuant to New York common law (Count 4), and for negligent misrepresentation (Count 6), are each governed by a three-year statute of limitation.  *See* CPLR 214(4); *ABS Entm't, Inc. v. CBS Corp.*, 163 F. Supp. 3d 103, 108 (S.D.N.Y. 2016) (applying three-year statute of limitation to claims seeking damages for violations of intangible property rights.); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 CIV. 9016, 2010 WL 11586616, at *3 (S.D.N.Y. Mar. 23, 2010) (holding that the remedy sought by the plaintiff dictates the appropriate limitations period and thus, where plaintiff seeks to recover monetary damages for negligent misrepresentation, CPLR 214(4) is applicable and a three-year limitations should be applied).

Plaintiff's claims for breach of contract (Count 1), breach of the covenant of good and fair dealing (Count 2), and fraud (Count 5), are each subject to six-year statutes of limitation. *See* CPLR 213(2) and (8); *V.E.C. Corp. of Delaware v. Hilliard*, 896 F. Supp. 2d 253, 259 (S.D.N.Y. 2012) (six-year statute of limitation for breach of contract is applicable to claims for breach of the covenant of good faith and fair dealing).

Plaintiff initiated this litigation on August 31, 2018.  Accordingly, Plaintiff may not recover damages for claims that arose on or before August 31, 2015 for Counts 3, 4 and 6 or on or before August 31, 2012 for Counts 1, 2 and 5.

15

Plaintiff also may not recover damages pursuant to the DTSA (Count 3) prior to its enactment on May 11, 2016 because the DTSA does not apply retroactively.[11]  *See Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 326 (S.D.N.Y. 2016) *citing Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Group, Inc.*, No. 15-CV-211-LGS, 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016).

Accordingly, Plaintiff's claims should be dismissed to the extent Plaintiff seeks to recover for damages that accrued from 2004 through, but not including May 11, 2016 upon Count 3, from 2004 through August 31, 2015 upon Counts 4 and 6, and for damages that accrued from 2004 through August 31, 2012 for Counts 1, 2 and 5.

### B.  Plaintiff Should Have Discovered Its Claims Sooner

We expect that Plaintiff will attempt to save its time barred fraud claims by arguing that that it could not, with reasonable diligence, have discovered its claims sooner.  *See* CPLR 213(8) (extending six year limitations period for fraud claims to two years after plaintiff's actual discovery of fraud or when plaintiff could have discovered it with reasonable diligence).  "The test as to when fraud should with reasonable diligence have been discovered is an objective one." *Sejin Precision Indus. Co. v. Citibank, N.A.*, 726 F. App'x 27, 30 (2d Cir. 2018) *quoting Gutkin v. Siegal*, 926 N.Y.S.2d 485, 486 (1st Dep't 2011).  Publicly available information is generally discoverable with reasonable diligence.  *See Aozora Bank, Ltd. v. Deutsche Bank Sec., Inc.*, 29 N.Y.S.3d 10, 13-14 (1st Dept't 2016) (affirming trial court's decision that fraud claims were time barred because "information publicly available…should have alerted" the plaintiff "something was amiss").

---

[11] Plaintiff appears to recognize this limitation and only seeks to pursue DTSA claims arising on or after May 11, 2016.  *See* Ex. A, ¶ 123.  However, for the avoidance of doubt, any claims arising prior to May 11, 2016 should be dismissed with prejudice.

Plaintiff alleged that it discovered Defendant's purported fraud by reviewing publicly available information and information disclosed to Plaintiff by Defendant.  This information included data stored within Plaintiff's database by Defendant (Ex. A, ¶ 49), Defendant's publicly available website (Ex. A, ¶¶ 47-48), and Defendant's Quarterly Reports to Plaintiff (Ex. A, ¶59). Plaintiff could have reviewed this information, and thus discovered Defendant's alleged fraud, at any time.   Indeed, at a minimum, the publicly available information and/or Defendant's disclosures put Plaintiff on inquiry notice throughout the parties' relationship.  *See Aozora Bank, Ltd.*, 29 N.Y.S.3d at 13-14, *Sejin Precision Ind. Co., Ltd. v. Citibank, N.A.*, No. 16-CIV-6910-JSR, 2017 WL 4350323, *4 (S.D.N.Y. June 26, 2017).

Plaintiff further acknowledges that it was entitled to perform audits twice per year, but chose not to exercise such right.  *See* Ex. A, ¶38.  Plaintiff thus plainly acted without "reasonable diligence" in foregoing its right to confirm the Quarterly Reports either (a) through biannual, (b) by reviewing Defendant's disclosures, or (c) by reviewing information Defendant made publicly available.  Put differently, Plaintiff failed to identify any newly available information that led to its discovery of Defendant's alleged fraud in 2018.

Accordingly, for the foregoing reasons, Plaintiff's fraud claim may not be preserved through the savings clause of CPLR 213(8) and is subject to a six-year statute of limitation.

## <u>CONCLUSION</u>

For the reasons set forth in greater detail above, Defendant respectfully requests that the Complaint is dismissed in its entirety.  Defendant further requests that all Counts are dismissed without leave to amend and that Counts 2-6 are dismissed with prejudice.


Dated: December 10, 2018                                    Respectfully submitted,


                                                   KLEHR HARRISON HARVEY
                                                   BRANZBURG LLP

                                                   /s Matthew J. McDonald, Esq.
                                                   Matthew J. McDonald
                                                   1835 Market Street, Suite 1400
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 569-4287
                                                   Email: mmcdonald@klehr.com